**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

OSCAR GUILLEN, SR.,        )
                                        )
Plaintiff,           )
                                        )
vs.                     )    CAUSE NO. 2:13-CV-070
                                        )
MR. LEAVELL AND MS. LETO,    )
                                        )
Defendants.         )

<u>**OPINION AND ORDER**</u>

This matter is before the Court on the complaint filed by Oscar Guillen, Sr., in the Lake Superior Court on December 19, 2012, which was removed to this Court by the defendants on February 22, 2013. (DE #1). For the reasons set forth below, the court **DISMISSES** the federal claims **WITHOUT PREJUDICE** and **REMANDS** the State claims to the Lake Superior Court.

<u>DISCUSSION</u>

Oscar Guillen, Sr., a *pro se* prisoner, cannot litigate in this Court because he is a restricted filer. On October 29, 2009, in *Guillen v. Hoppe*, 2:09-cv-345 (N.D. Ind. filed October 19, 2009), the Clerk was ordered "to return, unfiled, any papers filed in any case by or on behalf of Oscar Guillen, Sr. (except for a notice of appeal or unless filed in a criminal or habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court . . .." That sanction was imposed because Guillen is an abusive litigator who had filed nine

meritless cases or appeals and then attempted to bamboozle the court in an attempt to evade his obligation to pre-pay the filing fee as required by 28 U.S.C. § 1915(g). The restriction is still in place because he owes this court $3,465 in unpaid filing fees.

The defendants removed this case from State court because it included a federal claim. It is their right to do so. *See* 28 U.S.C. § 1441. However, because Guillen is unable to file anything in this court, it is impossible for him litigate this case here. Therefore, the federal claims will be dismissed without prejudice so that the remaining State claims can be remanded back to State court.

CONCLUSION

For the reasons set forth above, the court **DISMISSES** the federal claims **WITHOUT PREJUDICE** and **REMANDS** the State claims to the Lake Superior Court.

DATED: February 25, 2013      RUDY LOZANO, Judge
                                     United State District Court